UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN QUINN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-02174-O |
| | § | |
| JOSEPH A. AUTEM, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on April 22, 2009, came on to be considered Plaintiff's Motion to Remand (Doc. 14) filed on January 21, 2009. Having considered the relevant pleadings, and for the reasons discussed below, the court finds and recommends as follows:

I.  BACKGROUND

Plaintiff Susan Quinn sold her legal staffing firm, Paralegals Plus ("PP"), to Legal Partners, L.P. ("LP") for $1 million, pursuant to the terms of an agreement on August 28, 2003 ("the Agreement") signed by Plaintiff Quinn and Defendant Joseph Autem, as General Partner of LP.  (Def. App. 003-0011).  Under the terms of the Agreement, Legal Partners (LP) agreed to pay Quinn $250,000 at closing and the remaining $750,000 ("deferred compensation") in annual installments beginning January 30, 2004 and recurring each January 30 until paid in full.  The amount of payment due each year was to be based on a percentage of the combined revenues of

PP and CourtHouse Documents (CHD), a company owned by LP. If the combined revenues were less than $1.5 million for the preceding calendar year, no annual installment would be due. If LP, PP, or CourtHouse Documents were sold or substantially all of the assets of one of the companies were sold, the balance of the deferred compensation would become payable within 30 days of the sale. The Agreement contains no provision in the event of the bankruptcy of PP, LP, or CHD.

Plaintiff filed her original petition in the 14th Judicial District Court of Dallas County, Texas, on July 11, 2008, followed by an amended petition on July 17, 2008 (Def. Notice of Removal, Index of State Court Pleadings, No. 3:08-cv-02174, Doc. 1, at Tab 2). Defendants Autem and Legal Partners, LP filed answers on August 1, 2008; Defendants James Chriesman, Lorinda Chriesman, and Chriesman Investments, LP filed answers on August 8, 2008. *Id*. Defendant Legal Partners, LP filed a counterclaim on November 11, 2008. *Id*. Plaintiff filed a motion for summary judgment on November 24, 2008, and a hearing on that motion was scheduled for December 17, 2008.

On November 24, 2008, PP filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas; that action is currently pending before Judge Hale. (Def. App. 001). Defendants Legal Partners, LP, Joseph Autem, and James Chriesman (hereinafter "Defendants") filed their Notice of Removal with Jury Demand on December 9, 2008. (Doc. 1). Defendants asserted removal was appropriate because Autem and Chriesman are members of the Board of Directors of PP and will be entitled to indemnification from PP for expenses arising

from this case.[1]

## II. DISCUSSION

In support of her motion to remand, Plaintiff argues that PP was not a party to the August 28, 2003 sales agreement, that she has not sued PP as a Defendant, and there are no valid grounds to support relatedness between her claims and the pending bankruptcy of PP. (Pl. Br. 2). Defendants argue that Quinn's damages in this case are directly related to the assets and liabilities of PP because PP is a party to the Agreement and her deferred consideration is based directly upon the revenue of PP; and her claims against Autem and Chriesman are related because they are entitled to indemnification from PP. (Def. Br. 2-3).

"A proceeding is 'related to' a bankruptcy 'if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Canion*, 196 F.3d 579, 584-85 (5th Cir. 1999) (citing *In re Bass*, 171 F.3d 1016 at 1022 (5th Cir. 1999)). In order for jurisdiction to attach, "the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *Bass*, 171 F.3d at 1022.

---

[1] Notice of Removal at ¶ 3, in its entirety, states:

> The State Court Action is related to the bankruptcy such that removal of the State Court Action is just and appropriate. The stock of Debtor Paralegals Plus, Inc., a closely-held Texas corporation, is wholly owned by Legal Partners, LP. The State Court Action relates to and arises out of an August 28, 2003 purchase and sale agreement regarding Quinn's sale and Legal Partners, LP's purchase of the stock of Debtor Paralegals Plus, Inc. Joseph Autem and James A. Chriesman are members of the Board of Directors of Debtor Paralegals Plus, Inc. and are entitled to indemnification from Debtor Paralegals Plus, Inc. for expenses actually and necessarily incurred by them in connection with their defense of the State Court Action.

Defendants first argue that PP is a party to the Agreement and the outcome of the bankruptcy and future success or failure of PP will have a direct effect on the deferred compensation owed to Quinn since the deferred compensation is based directly on the revenue of PP.  Plaintiff counters that PP is not a party to the Agreement; that the compensation is owed by LP, and while the bankruptcy proceedings may have an impact on her claim, her claim will have no impact on the bankruptcy proceeding since any amount due to her is due by LP and Defendants, not PP.  As Defendants point out, PP clearly is a party to the Agreement, evidenced by Susan Quinn's execution of the Agreement by affixing her signature under both her name individually and under her name in her capacity as President of Paralegals Plus.  (Def. App. 11). While the Court finds that PP is a party to the Agreement, the Court agrees with Plaintiff that the compensation due to her is owed by LP under the Agreement.  Paragraph 2(b) of the Agreement details the arrangements by which LP contracted to pay Quinn, and from the face of the document it appears LP is responsible for the payments, not PP.  (Def. App. 003).  While the amount of payment due to Quinn may be affected by the revenues of PP, the amount due to Quinn is not owed by the debtor PP, and has no apparent effect on the debtor PP.

Defendants next argue Chriesman and Autem are entitled to contractual indemnity from PP, therefore any recovery by Quinn will have an effect on PP's bankruptcy estate.[2]  They cite *In re El Paso Refinery*, *Arnold v. Garlock*, and *Coward v. AC and S* to support their position that the Fifth Circuit has previously found "related to" jurisdiction to be appropriate where a

---

[2]Article X of the PP Articles of Incorporation provides indemnification to directors or officers for any proceedings they are party to due to their role as officers of PP. (Def. App. 24-25).

4

bankrupt estate may be affected by indemnification or contribution claims.[3]  Defendants' assertion that Chriesman and Autem will be entitled to indemnification from PP for claims arising from this suit appears tenuous at best.  As Defendants stated, this suit "relates to and arises out of ... Quinn's sale and Legal Partners, LP's purchase" of PP.  If Defendants were to seek indemnification from anyone, it appears, on the face of the Agreement, that LP would be the appropriate entity to seek indemnification from.  While a valid indemnification claim may be a basis for "related to" jurisdiction, Defendants have failed to show that their actions individually or as officers of LP would somehow entitle them to indemnification from PP.

Even if Defendants were successful in persuading the Court that indemnification may be forthcoming, they would still face the obstacle of establishing permissive indemnification from PP.  As Plaintiff correctly points out, indemnification is permissive and would require a majority vote of disinterested board members, a unanimous vote of members, or some similar measure.[4]  This suit contains allegations of misconduct and mismanagement by the named Defendants

---

[3]  "Related to" jurisdiction was upheld in *El Paso,* dealing with indemnification twice removed.  Nondebtor Texaco could assert indemnification claims against nondebtor TRMI, which could have then asserted indemnification claims against the debtor.  *Refinery Holding Co., LP v. TRMI Holdings, Inc*. (*In re El Paso Refinery, LP*), 302 F.3d 343 (5th Cir., 2002).

In *Arnold*, the Court indicated a valid contribution claim would be a basis for "related to" jurisdiction; however the Court found Garlock's contribution claims were not based on a contractual relationship and were invalid under state law.  *Arnold v. Garlock*, 278 F.3d 426 at 434 (5th Cir., 2001).

In *Coward* the Court indicated an indemnification agreement would create a nexus for "related to" jurisdiction by binding the debtor in the event of a judgment against a third-party nondebtor indemnified by the debtor; however they found no such agreement existed in the case.  *Coward v. AC and S, Inc*., 91 Fed. Appx. 919 at **4 (5th Cir., 2004).

[4] See Tex. Bus. Org. Code Ann § 8.101(a)(1)(A) - (C); § 8.103(a)(1).

following LP's purchase of PP. In deciding whether to indemnify someone, an enterprise determines whether the person acted in good faith and reasonably believed their conduct was in the enterprise's best interests.[5] Thus, while an indemnification clause exists in the Articles of Incorporation of Paralegals Plus, (Def. App. 024), Defendants have not provided evidence of entitlement to indemnification in the current action that would lead the Court to conclude that indemnification would be obtainable under the allegations made in Plaintiff's pleadings.

The Court finds that while the outcome of the bankruptcy proceeding may have an effect on the amount of deferred compensation to which Quinn may be entitled, Defendants have failed to show the anticipated outcome of the action could conceivably have an effect on the administration of the estate. The contract dispute at issue arose between Quinn and Legal Partners, L.P, and deals with compensation owed to Quinn by Legal Partners, L.P. While certain Defendants may later seek indemnification from PP as a result of these claims, they have not provided sufficient evidence to show that indemnification is likely to be forthcoming in this instance, where it is alleged that Defendants acted in bad faith and against the best interests of Paralegals Plus. If Quinn prevails in her suit, the outcome is unlikely to alter the rights, obligations, and choices of action of the debtor Paralegals Plus, and it is unlikely to have an effect on the administration of the estate.

**RECOMMENDATION:**

Based on the foregoing, it is recommended that the Court grant Plaintiff's Motion to

---

[5]See Tex. Bus. Org. Code Ann § 8.101(a)(1)(A) - (C).

Remand and order that the case be remanded to the 14th Judicial District Court of Dallas County, Texas, for further proceedings. A copy of this recommendation shall be transmitted to counsel for the parties.

*[signature: Wm. F. Sanderson Jr.]*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.